1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   JEREMY D. MATZ (Cal. Bar No. 199401)
4  MICHAEL R. WILNER (Cal. Bar. # 156592)
   Assistant United States Attorneys
5  Major Frauds Section
         1100 United States Courthouse
6        312 North Spring Street
         Los Angeles, California 90012
7        Telephone: (213) 894-0649/0687
         Facsimile: (213) 894-6269
8        E-mail:   jeremy.matz@usdoj.gov
                   michael.wilner@usdoj.gov
9
   Attorneys for Intervenor
10 UNITED STATES OF AMERICA

11                 UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 LEHMAN BROTHERS BANK, FSB, ) CV 03-2702-DDP(JWJx)
                              )
14          Plaintiff,        ) GOVERNMENT'S EX PARTE APPLICATION
                              ) FOR SECOND STAY OF DISCOVERY;
15 RBC MORTGAGE COMPANY OF     ) DECLARATION OF JEREMY D. MATZ
   CALIFORNIA,                )
16                            ) [[Proposed] Order Lodged
           Intervenor,        ) Concurrently Herewith]
17                            )
        v.                    )
18                            )
   BEVERLY HILLS ESTATES       )
19 FUNDING, INC., a California )
   Corporation; et al.,        )
20                            )
           Defendants.         )
21 _____ )

22

23 TO THE COURT AND ALL PARTIES OF RECORD:

24      Intervenor United States of America, by and through its

25 attorneys of record, Assistant United States Attorneys Jeremy D.

26 Matz and Michael R. Wilner, hereby applies ex parte for an order

27 entering a second stay of discovery in this case, through and

28 including December 31, 2009.  By order entered on January 24,

                                1

1  2007, the Court granted the government's unopposed motion to

2  intervene in this action for the limited purpose of seeking a

3  stay of discovery.  The Court also granted the government's

4  motion to stay discovery.  At the hearing on the motion, the

5  Court stated that the stay would expire on December 28, 2008.

6      A continued stay of discovery would: (1) protect the

7  public's interest in the integrity of the ongoing criminal

8  prosecutions; (2) conserve the resources of the Court and the

9  parties; (3) not harm the civil parties' interests; and (4) avoid

10  substantial inconvenience to witnesses.

11      Before filing this ex parte application, the government

12  ascertained that the following parties do not oppose a continued

13  stay of discovery through December 31, 2009: the Receiver;

14  plaintiff Lehman Brothers Bank, FSB ("Lehman"); intervenor RBC

15  Mortgage Company of California ("RBC"); defendant Prudential

16  California Realty ("Prudential"); and defendant California Title

17  Company ("Cal Title").  On or about December 24, 2008, at the

18  government's request, counsel for the Receiver forwarded this ex

19  parte application and the accompanying proposed order to all

20  parties on the service list in this case.  The government asked

21  any parties who oppose the relief sought herein to notify the

22  government of such opposition no later than January 7, 2009.  By

23  the close of business on January 7, 2009, no parties had notified

24  the government of any opposition to the relief sought herein.

25      This ex parte application is based upon the attached

26  memorandum of points and authorities, the Declaration of Jeremy

27  D. Matz, all files and records of this case, and any additional

28  evidence and argument that may be presented at any hearing on

1 | this _ex parte_ application.

2 | Dated: January 8, 2009          Respectfully submitted,

3 |                                 THOMAS P. O'BRIEN
                                    United States Attorney

4 |
                                    CHRISTINE C. EWELL
5 |                                 Assistant United States Attorney
                                    Chief, Criminal Division
6 |
7 |                                 _/s/ Jeremy D. Matz_
                                    _____
                                    JEREMY D. MATZ
8 |                                 MICHAEL R. WILNER
                                    Assistant United States Attorneys
9 |                                 Major Frauds Section

10 |                                Attorneys for Intervenor
                                    United States of America

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.    INTRODUCTION

Lehman Brothers Bank, FSB ("Lehman") filed a civil complaint alleging that multiple entities and individuals conspired to commit fraud in connection with over $140 million in residential real estate mortgage loans funded or acquired by Lehman. (CR 211).[1]  RBC Mortgage Company of California ("RBC") intervened in the action based on allegations that the defendant entities and individuals conspired to induce RBC to fund, package, and sell tens of millions of dollars in fraudulent residential real estate mortgage loans.  (CR 350).  The government currently is prosecuting several criminal cases concerning many of the same transactions, entities, and individuals.  Trial of remaining defendants who have not pleaded guilty is scheduled to begin on June 9, 2009.  (Declaration of Jeremy D. Matz ("Matz Decl.") ¶ 2).

By order entered on January 24, 2007, the Court granted the government's motion to stay discovery in the instant case, because of the criminal cases.[2]  However, the Court stated at the hearing on the motion that the stay would expire on December 28, 2008.  The government now applies <u>ex parte</u> for a continued stay

---

[1] "CR" refers to the Clerk's Record in this case and is followed by the appropriate docket number.

[2] The Court's order specified that the Receiver would have the continued authority to conduct discovery for the limited purpose of identifying third party assets.  The government believes that the Court should incorporate the same exception into any order continuing the discovery stay.

1  of discovery in the instant case, through December 31, 2009,
2  because such a stay would: (1) protect the public's interest in
3  the integrity of the criminal prosecutions; (2) conserve the
4  resources of the Court and the parties; (3) not harm the parties'
5  interests; and (4) avoid substantial inconvenience to witnesses.
6  II.   STATEMENT OF FACTS
7       A.   Lehman's Second Amended Complaint
8       Lehman's Second Amended Complaint, filed August 1, 2003,
9  charged multiple mortgage and real estate brokers, straw buyers,
10 straw borrowers, escrow companies, notaries, and property
11 management firms with several causes of action, including breach
12 of contract, breach of an implied covenant of good faith and fair
13 dealing, money had and received, money lent, intentional
14 misrepresentation, constructive fraud, breach of fiduciary duty,
15 negligent misrepresentation, negligence, violation of Government
16 Code § 8214.2, unjust enrichment, and violation of 18 U.S.C.
17 § 1964, the Racketeer Influenced and Corrupt Organizations Act.
18 (CR 211).
19      Lehman's causes of action arose from a three-year scheme in
20 which the defendants allegedly submitted false information to
21 obtain fraudulently inflated loans for the purchase of
22 residential real estate.  According to the Second Amended
23 Complaint, Beverly Hills Estates Funding, Inc. ("BHEF") was the
24 mortgage loan broker that submitted the fraudulent loan
25 applications.  The false information in those applications
26 included false appraisals, false loan applications, false HUD-1
27 closing statements, false credit reports, and false verifications
28 of rent.  Based on misrepresentations of the creditworthiness of

the straw borrowers and the value of the properties used to
secure the loans, the defendants obtained loans which exceeded
the true values of the properties, thus creating a significant
risk of loss upon the borrower's default.  (CR 211).

Lehman alleged that it had directly funded or acquired 84
mortgage loans which were based on the alleged fraud and breach
of contract.  (CR 211).

**B.   RBC's Second Amended Complaint**

On September 18, 2003, RBC's motion to intervene in Lehman's
action was granted.  (CR 350).  On November 3, 2006, RBC filed
its Second Amended Complaint of Intervenor.  RBC's claims arose
out of the same alleged fraud scheme.  RBC alleged that it had
closed, funded, and sold 40 loans based on the fraudulent
applications.  (CR 1228).

**C.   Status Of The Instant Case**

On May 8, 2003, a permanent receiver was appointed in the
instant case and a stay of discovery was issued.  (CR 38).  By
stipulation, on November 14, 2006, the Court lifted any remaining
stay on discovery in any other matters in which the receiver was
a party.  By order entered on January 24, 2007, and on the
government's motion, the Court stayed discovery.  (CR 1260).[3]
Although the Court's written order does not specify when the stay
shall expire, the Court stated at the hearing on the government's
motion that it would expire on December 28, 2008.  (Matz Decl.
¶ 3).

-------------------

[3]      A copy of the Court's January 24, 2007 order is
attached as Exhibit A to the Declaration of Jeremy D. Matz,
filed with this ex parte application.

1      D.    **The Criminal Prosecutions**

2      Eleven individuals have been criminally charged in

3  connection with the mortgage fraud scheme, in various criminal

4  cases.  Eight of them have pleaded guilty.  Trial of the three

5  remaining defendants (Joseph Aram Babajian, Kyle John Grasso, and

6  Lila Rizk) is scheduled for June 9, 2009, in <u>United States v.</u>

7  <u>Babajian, et al.</u>, CR 07-755-DDP.  That case involves dozens of

8  witnesses and thousands of documents concerning the same real

9  estate transactions that form the basis for Lehman's and RBC's

10  complaints.  Discovery has been produced to the remaining

11  criminal defendants in accordance with the Federal Rules of

12  Criminal Procedure and applicable federal constitutional and

13  statutory law.  (Matz Decl. ¶ 2).

14      E.    **Position Of The Civil Parties Regarding A Further Stay**

15      In the instant case, the Receiver, Lehman, RBC, Prudential,

16  and Cal Title have informed the government that they do not

17  oppose a continued stay of discovery.  The government also caused

18  this <u>ex parte</u> application and the accompanying proposed order to

19  be distributed to all parties on the service list in this case.

20  The government asked any parties who oppose the relief sought

21  herein to notify the government of such opposition no later than

22  January 7, 2009.  By the close of business on January 7, 2009, no

23  parties had notified the government of any opposition to the

24  relief sought herein.  (Matz Decl. ¶¶ 4-5).

25  **III. ARGUMENT: A CONTINUED STAY OF DISCOVERY IS IN THE INTERESTS**
        **OF JUSTICE**

26

27      The Court has the discretion to stay a civil action if the

28  Court determines that "the interests of justice seem to require

1  such action." <u>Keating v. Office of Thrift Supervision</u>, 45 F.3d

2  322, 324 (9th Cir. 1995) (quotation omitted).  The following

3  factors should be considered in evaluating such a request:

4  (1) the interests of the public in the civil and criminal

5  matters; (2) the Court's interests in case management and

6  conservation of judicial resources; (3) the civil plaintiff's and

7  defendant's interests; and (4) the interests of non-parties.  <u>See</u>

8  <u>Keating</u>, 45 F.3d at 325; <u>Federal Savings and Loan Insurance Corp.</u>

9  <u>v. Molinaro</u>, 889 F.2d 899, 902 (9th Cir. 1989).  These factors

10 support continuing the discovery stay in this case.

**A.   The Public's Interest In The Integrity Of The Criminal Investigation**

11
12

13      The public -- and the government -- unquestionably have a

14 significant interest in a stay of the civil case so that the

15 government may continue to prosecute criminal conduct.  The

16 integrity of the criminal prosecutions will be compromised if

17 existing or potential criminal defendants have access to and can

18 conduct discovery in the civil case for use in any future

19 criminal trial.  The existing criminal defendants have received

20 full discovery in the criminal cases in compliance with the

21 Federal Rules of Criminal Procedure and federal constitutional

22 and statutory law.  (Matz Decl. ¶ 2).  However, if the stay of

23 discovery in this case is not continued, existing and potential

24 criminal defendants could attempt to obtain information from

25 witnesses in depositions or through other discovery in this case

26 that they would not be entitled to receive under the rules of

27 discovery in criminal cases.  (Matz Decl. ¶ 6).  <u>See</u>, <u>e.g.</u>,

28 <u>Campbell v. Eastland,</u> 307 F.2d 478, 487 (5th Cir. 1962)

8

1  (reversing discovery sanction based upon IRS district director's
2  refusal to produce civil discovery that would implicate criminal
3  case; a criminal defendant "should not be allowed to make use of
4  the liberal discovery procedures applicable to a civil suit as a
5  dodge to avoid the restrictions on criminal discovery and thereby
6  obtain documents he would not otherwise be entitled to for use in
7  his criminal suit").

8      **B.    The Resources Of The Court And The Parties**

9      Permitting the parties in this civil case to immediately
10 conduct discovery and proceed to trial may result in a major
11 waste of this Court's resources.  Witnesses are likely to assert
12 their Fifth Amendment privilege and decline to testify in
13 depositions in the civil case until the criminal prosecutions are
14 concluded.  (Matz Decl. ¶ 6).  Should this civil case proceed to
15 trial, they may continue to refuse to testify, which will prevent
16 a full airing of the disputed factual issues in the case.

17     Moreover, any convictions secured by the government based on
18 conduct relating to the Lehman / RBC case likely will resolve
19 some, if not many, aspects of this civil litigation.  A criminal
20 conviction may have preclusive effect in this civil case.  See,
21 e.g., Matter of Raiford, 695 F.2d 521, 523 (11th Cir. 1983)
22 (conviction in criminal case is conclusive as to issues arising
23 in a subsequent civil action); United States v. Mellon Bank,
24 N.A., 545 F.2d 869, 872-73 (3rd Cir. 1976) (resolution of a
25 parallel criminal case might "moot, clarify, or otherwise affect
26 various contentions in the civil case").

27     Finally, the additional stay requested is not unduly long.
28 Trial of the remaining criminal defendants is scheduled to begin

9

1   on June 9, 2009.   Barring any further continuances of that date,
2   the government expects that this trial and related sentencing
3   proceedings can be concluded by the end of 2009.   Assuming that
4   occurs, the stay requested herein can be lifted at that time and
5   discovery and further proceedings can commence again in the
6   instant case.

7     **C. The Interests Of The Parties**

8     The Receiver, Lehman, RBC, Prudential, and Cal Title have
9   informed the government that they do not oppose a continued stay
10  of discovery.   Furthermore, by the close of business on January
11  7, 2009, no parties had notified the government of any opposition
12  to a continued stay of discovery.   (Matz Decl. ¶¶ 4-5).

13    **D. The Interests Of Witnesses**

14    A stay would avoid substantial inconvenience to witnesses.
15  According to Lehman's and RBC's complaints, the conduct
16  underlying the civil matter involves several complex transactions
17  occurring over an approximately three-year period.   There is a
18  substantial amount of documents involved, and dozens of
19  witnesses.   If the civil and criminal matters proceed at the same
20  time, these witnesses likely will be interviewed, deposed, and/or
21  called to testify on numerous occasions by Lehman, RBC, the civil
22  defendants, and the government.   If the civil matter is stayed,
23  the burden and inconvenience on these witnesses will be
24  substantially reduced.

25  **IV. CONCLUSION**

26    For the foregoing reasons, the government respectfully
27  requests that the Court stay discovery in the instant case
28  through December 31, 2009, so that the government can continue to

1  prosecute the related criminal cases.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF JEREMY D. MATZ**

I, Jeremy D. Matz, hereby declare as follows:

1.     I am an Assistant United States Attorney ("AUSA") in the Central District of California.  Together with AUSA Michael R. Wilner, I represent the United States in United States v. Joseph Aram Babajian, et al., CR 07-755-DDP ("U.S. v. Babajian"), as well as in the criminal cases related to that case.

2.     U.S. v. Babajian and the related criminal cases concern many of the same transactions, entities, and individuals that are the subject matter of Lehman Brothers Bank, FSB, v. Beverly Hills Estates Funding, Inc., et al., CV 03-2702-DDP(JWJx) ("Lehman v. BHEF").  U.S. v. Babajian involves dozens of witnesses and thousands of documents.  Discovery has been produced to the remaining criminal defendants in accordance with the Federal Rules of Criminal Procedure and applicable federal constitutional and statutory law.  In U.S. v. Babajian, trial of the remaining defendants is scheduled to begin on June 9, 2009.  Barring any further continuances of that date, the government expects that the trial and related sentencing proceedings can be concluded by the end of 2009.

3.     By order entered on January 24, 2007, the Court granted the government's motion to stay discovery in Lehman v. BHEF, because of the criminal cases.  The order is attached as Exhibit A to this Declaration.  I have been informed by counsel for defendant Prudential California Realty ("Prudential") that, at the hearing on the government's motion, the Court stated that the stay would expire on December 28, 2008.

12

4.   In <u>Lehman v. BHEF</u>, I have been informed by counsel that the Receiver, Lehman, RBC Mortgage Company of California ("RBC"), Prudential, and California Title Company ("Cal Title") do not oppose a continued stay of discovery through December 31, 2009.

5.   On December 24, 2008, I asked counsel for the Receiver to forward this Declaration and the accompanying <u>ex parte</u> application and proposed order to all parties on the service list in <u>Lehman v. BHEF</u>.  I also asked counsel for the Receiver to inform any parties who oppose a continued stay of discovery through December 31, 2009, that they should notify the government of such opposition no later than January 7, 2009.  By the close of business on January 7, 2009, no parties had notified the government of any opposition to a continued stay of discovery through December 31, 2009.

6.   If the stay of discovery in this case is not continued through December 31, 2009, existing and potential criminal defendants could attempt to obtain information from witnesses in depositions or through other discovery in this case that they would not be entitled to receive under the rules of discovery in criminal cases.  Furthermore, based on my assessment of the criminal and civil cases, there are at least several witnesses who would be likely to assert their Fifth Amendment privilege and decline to testify in depositions in this civil case until the criminal prosecutions are concluded.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 8, 2009

_____
JEREMY D. MATZ
Assistant United States Attorney

13

J. Mater

FILED
CLERK U.S. DISTRICT COURT

JAN 2 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3
Scan Only

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   CENTRAL DISTRICT OF CALIFORNI

8   LEHMAN BROTHERS BANK, FSB,      )   Case No. CV 03-02702 DDP (ANx)
                                    )
9            Plaintiff,             )
                                    )   ORDER GRANTING GOVERNMENT'S
10      v.                          )   MOTION TO INTERVENE FOR LIMITED
                                    )   PURPOSE OF STAYING DISCOVERY;
11  BEVERLY HILLS ESTATES           )   ORDER STAYING DISCOVERY
    FUNDING, INC., a California      )
12  corporation; BEVERLY HILLS      )   [Motion filed on December 26,
    ESTATES FUNDING, INC. dba        )   2006]
13  ESTATES FUNDING; BEVERLY        )
    HILLS ESTATES FUNDING, INC.      )
14  dba ON-TIME ESCROW; MARK        )
    ABRAMS; MATTHEW TODD            )
15  COMPTON; PACIFIC REALTY, an     )
    unknown business entity;        )
16  CHARLES JANSEN; ERICA           )
    BASTIAANS; DESERT PACIFIC       )
17  FINANCIAL, INC., a              )
    California corporation;         )
18  DESERT PACIFIC FINANCIAL,       )
    INC. dba PLATINUM ESCROW;       )
19  DESERT PACIFIC FINANCIAL,       )
    INC. dba MAJESTIC REALTY;       )
20  JUDITH REBASZ BLANCHARD;        )
    TIMOTHY HOLLAND; PTD            )
21  PARTNERS, LLC, a limited        )
    liability company; PTD          )
22  PARTNERS, LLC dba               )
    S.F. ESTATES PROPERTY           )
23  MANAGEMENT; PTD PARTNERS,       )
    LLC dba S.D. ESTATES            )
24  PROPERTY MANAGEMENT; PTD        )
    PARTNERS, LLC dba WESTSIDE      )
25  PROPERTY MANAGEMENT; PTD        )
    PARTNERS, LLC dba WLA           )
26  MANAGEMENT GROUP; PTD           )
    PARTNERS, LLC dba ESTATES       )
27  PROPERTY MANAGEMENT,            )
    PICKFORD REALTY, LTD.,          )
28                                  )
             Defendants.            )





EXHIBIT A 1260

1    This matter is before the Court on the government's motion to
2 intervene for the limited purpose of staying discovery and to stay
3 discovery.  After reviewing the papers submitted by the parties,
4 the Court grants the motion.

5

6 I.   BACKGROUND

7    On April 17, 2003, Plaintiff Lehman Brothers Bank ("Lehman")
8 commenced suit, alleging a massive real estate fraud scheme
9 perpetuated by several entities, including Defendant Pickford
10 Realty, dba Prudential California Realty, Inc. ("Prudential"), and
11 Defendant California Title Company ("CalTitle").  On September 18,
12 2003, RBC Mortgage Company's ("RBC") motion to intervene in the
13 Lehman action was granted.  RBC's and Lehman's complaints arise out
14 of the same alleged fraud scheme.

15    On May 8, 2003, a permanent receiver was appointed in the case
16 and a stay of discovery was issued.  By stipulation, on November
17 14, 2006, this Court lifted any remaining stay on discovery in any
18 other matters in which the receiver was a party.

19    The government is currently conducting a criminal
20 investigation of the same conduct that is the focus of Lehman
21 Brothers' and RBC's complaints.  (McNally Decl. ¶ 3.)  The
22 government's investigation involves dozens of witnesses and
23 thousands of documents concerning the same real estate transactions
24 which from the basis for the parties' complaints.  (Id.)  Certain
25 individuals have already been charged with criminal conduct.
26 However, the government's ongoing criminal investigation involves
27 other individuals not yet charged, as well as additional conduct
28 not already charged in the cases listed above.  (Id.)  Moreover,

1  the ongoing investigation involves matters occurring before the

2  Grand Jury.[1]  (Id.)

3       On December 26, 2006, the government filed this motion to

4  intervene for the limited purpose of staying discovery and to stay

5  discovery.  The government has spoken with counsel for Lehman, RBC,

6  the Receiver, and CalTitle, all of whom indicate that they do not

7  oppose the government's motion.[2]  (Id.  ¶¶ 7-11.)  Defendants Kyle

8  Grasso and Joseph Babajian also submitted a statement of non-

9  opposition to the motion.  Prudential initially opposed the stay on

10 the grounds that it wishes to conduct depositions under Federal

11 Rule of Civil Procedure 30(b)(6) to permit the resolution of a

12 motion for summary judgment.  (Id. ¶ 9.)  Prudential's position

13 prompted a Response from RBC opposing any order by this Court that

14 would permit Prudential to obtain discovery yet exclude other

15 parties from doing so.  (RBC Resp.)  However, on January 8, 2006,

16 Prudential submitted a response stating that, upon further

17 consideration of the government's motion, it does not oppose the

18 stay of discovery sought by the government.[3]  (Prudential Resp. at

19 2.)  Thus, it now appears that all parties are unopposed to the

20 government's motion.

21 ────────────

22      [1]  The government notes that Federal Rule of Criminal
   Procedure 6(e) prohibits disclosure of the details of its
23 investigation.  (McNally Decl. ¶ 3.)

24      [2]  CalTitle does not oppose a global stay of discovery, but
   would prefer the opportunity to conduct depositions under Fed. R.
25 Civ. P. 30(b)(6).  (McNally Decl. ¶ 11.)

26      [3]  Prudential also indicated that it does not waive its right
   to later seek relief from the stay of discovery for purposes of
27 securing evidence to support a motion for summary judgment against
   the remaining claims filed by RBC or the Receiver.  (Prudential
28 Resp. at 2.)  The Court will address this issue only if and when it
   arises.

3

1  II.   DISCUSSION

2      A.   Intervention as of Right

3          1.   Legal Standard

4      "Upon timely application," Rule 24(a) of the Federal Rules of

5  Civil Procedure allows any person to intervene in an action "when

6  the applicant claims an interest relating to the property or

7  transaction which is the subject of the action and the applicant is

8  so situated that the disposition of the action may as a practical

9  matter impair or impede the applicant's ability to protect that

10 interest, unless the applicant's interest is adequately represented

11 by existing parties."   Fed. R. Civ. P. 24(a)(2).

12     In the Ninth Circuit,

13     [a]n order granting intervention as of right is

14     appropriate if (1) the applicant's motion is timely; (2)

15     the applicant has asserted an interest relating to the

16     property or transaction which is the subject of the

17     action; (3) the applicant is so situated that without

18     intervention the disposition may, as a practical matter,

19     impair or impede its ability to protect that interest;

20     and (4) the applicant's interest is not adequately

21     represented by the existing parties.

22 Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 308 (9th Cir. 1989),

23 quoting County of Orange v. Air Cal., 799 F.2d 535, 537 (9th Cir.

24 1986).   Thus, in order to show that it has a right to intervene in

25 this action, the government must show that it meets all four of the

26 above requirements (i.e., timeliness, interest, inability to

27 protect interest, and inadequate representation).

28 ///

4

2. <u>Analysis</u>

       a.  <u>Timeliness</u>

Discovery was stayed by prior court order from May 8, 2003, through November 14, 2006.  The government's motion was filed on December 26, 2006 - approximately five weeks after the stay was lifted, and three days before a deposition in the case was scheduled to occur.  Therefore, the Court finds that the motion is timely.

       b.  <u>Government's Interest</u>

The Ninth Circuit has stated that an applicant has a "significant protectable interest" in an action if "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." <u>Id.</u>  This test is broadly construed in favor of allowing intervention.  <u>Sierra Club v. U.S. Envtl. Prot. Agency</u>, 995 F.2d 1478, 1481 (9th Cir. 1993).  Here, the government has an important interest in preserving the sanctity of its ongoing criminal investigation.  This interest is widely recognized as one that it is significantly protectable.  <u>See</u>, <u>e.g.</u>, <u>SEC v. Chestman</u>, 861 F.2d 49, 50 (2nd Cir. 1988); <u>SEC v. Downe</u>, 1993 WL 22126 (S.D.N.Y. 1993).  Moreover, as the questions and facts involved in both the civil and criminal cases are extremely similar, a relationship between the government's interest and the plaintiff's claims exists.  Accordingly, the Court finds that the government has a significant, protectable interest in intervening for the purposes of seeking a stay on discovery.

///

///

5

1          c.   Inability to Protect Interest and Inadequate

2               Representation

3      The government's ability to investigate criminal conduct may

4  be diminished if witnesses are compelled to give testimony in the

5  civil case or if potential criminal defendants obtain access to

6  evidence through the use of civil discovery in order to formulate a

7  defense in the criminal case.  Moreover, there is no way to ensure

8  that the government's interests in preserving the integrity of its

9  investigation will be protected without intervention.  Thus, these

10 two factors are also satisfied.

11          3.   Conclusion

12     For the foregoing reasons, the Court grants the government's

13 unopposed motion to intervene.

14     B.   Stay

15          1.   Legal Standard

16     A court has the inherent power to stay proceedings.  Landis v.

17 N. Am. Co., 299 U.S. 248, 254 (1936).  This power to stay is

18 "incidental to the power inherent in every court to control the

19 disposition of the causes on its docket with economy of time and

20 effort for itself, for counsel, and for litigants."  Id.  When

21 reviewing a motion to stay in light of a parallel criminal

22 proceeding, the Court considers: (1) the interests of the public in

23 civil and criminal matters; (2) the Court's interest in case

24 management and conservation of judicial resources; (3) the civil

25 plaintiff and defendant's interests; and (4) the interests of non-

26 parties.  See Keating v. Office of Thrift Supervision, 45 F.3d 322,

27 325 (9th Cir. 1995).

28 ///

6

2.   Analysis

    a.   Public Interest

As noted above, the public has an interest in ensuring that the integrity of a criminal investigation and any subsequent criminal prosecution is not compromised by discovery proceedings in a parallel civil case.  Accordingly, the Court finds that this factor weighs in favor of staying discovery.

    b.   Judicial Resources

Until the criminal investigation is resolved, witnesses involved in that investigation are likely to assert their Fifth Amendment privilege and decline to testify in depositions. Moreover, any convictions are likely to affect several aspects of the civil case, and may possibly moot some issues.  Thus, the Court finds a stay would conserve its resources, as well as those of the parties.

    c.   Parties' Interests

The non-moving parties have indicated that they are not opposed to the government's motion.  This factor thus weighs in favor of granting the stay.

    d.   Non-parties' Interests

Finally, a stay would avoid inconvenience to the many witnesses, who would be burdened if the matters proceeded at the same time.

///
///
///
///
///

1      3.   Conclusion

2          For the foregoing reasons, the Court stays discovery pending

3  the criminal investigation and any subsequent prosecutions.

4

5  **III. CONCLUSION**

6          For the foregoing reasons, the Court grants the motion and

7  issues a stay on discovery.  The Court notes that the Receiver will

8  have the continued authority to conduct discovery for the limited

9  purpose of identifying third party assets.

10

11

12 IT IS SO ORDERED.

13

14

15 Dated:  1-22-07

16                                    DEAN D. PREGERSON
                                      United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28