[prepared by]
RICHARD G. NOVAK (SBN: 149303)
IRIS ROE LEE (SBN: 259370)
Law Offices of Richard G. Novak
16633 Ventura Blvd., Suite 1200
Encino, CA 91436
818-783-4648 (voice)
818-905-1864 (facsimile)
E-Mail: Richard@RGNLaw.com

Attorneys for WITNESS
RICHARD A. MAIZE

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| LEHMAN BROTHERS BANK, FSB,<br><br>Plaintiff,<br><br>RBC MORTGAGE COMPANY OF CALIFORNIA AND RBC USA HOLDCO CORPORATION,<br><br>Plaintiff/Intervenors,<br><br>v.<br><br>PRUDENTIALCALIFORNIA REALTY, a California Corporation, et al.,<br><br>Defendants. | Case No. CV03-2702-DDP (MLGx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE MATERIALS CONTAINED ON HARD DRIVE PRODUCED BY WITNESS RICHARD A. MAIZE |

For the reasons stated in the stipulation of the parties and for good cause shown, the Court hereby Orders:

1) Maize shall immediately authorize the OUSA to produce to the attorneys of record for Defendants Pickford Realty, Ltd. d/b/a Prudential California Realty ("Prudential"), Joseph Babajian ("Babajian"), California Title Company (Cal Title) and William Thomas ("Thomas") and Plaintiffs/Intervenors RBC Mortgage Company of California and RBC USA Holdco Corporation ("RBC") who have executed an Acknowledgement and Agreement (defined below) (collectively,

"Approved Counsel") only an exact replica of the Maize hard drive (the Maize hard drive replica) that is presently held as evidence by the IRS;

2) The contents of the Maize hard drive replica may be initially reviewed <u>only</u> by the Approved Counsel, provided that Approved Counsel execute an <u>Acknowledgment and Agreement to Comply with Terms of Protective Order Governing the Maize Hard Drive</u> (the "Acknowledgement and Agreement") with the exception that one paralegal or legal assistant for each party may also assist Approved Counsel in the review so long as that individual also executes an Acknowledgement and Agreement;

3) The Maize hard drive replica and its contents shall be segregated by Approved Counsel from other documents and items produced or obtained by the parties pursuant to discovery in this action and the hard drive itself and any hard copies of its contents shall be maintained in sealed folders designating that the contents of the folders are subject to the Protective Order and may not be provided to, reviewed by or discussed with any person who has not executed an Acknowledgement and Agreement until the parties have complied with all terms of the protocol established below;

4) All documents or other items extracted from the Maize hard drive replica for review by those authorized to do so shall be bates-stamped in a manner which clearly designates that the document or other item has been taken from the Maize hard drive replica. Approved Counsel will use reasonable efforts to try and create a single bates-stamped review set from documents extracted from the Maize hard drive replica;

5) With the exception of the Approved Counsel no portion of the contents of the Maize hard drive replica may be provided to, shown to or discussed with the individual defendants (Babajian and Thomas) or the party entities (RBC, Prudential and Cal Title) or their respective officers or directors or other employees or in-house

counsel for the parties, or any expert, deponent or other third party unless and until the following protocol has been followed;

6)	No later than March 18, 2011, Approved Counsel shall provide notice to counsel for Maize and the other Approved Counsel of the specific documents the Defendants and the Plaintiffs seek to disclose and utilize in this litigation by providing counsel for Maize and all other Approved Counsel with those specific documents, bates-stamped as provided for above. The Defendants shall provide counsel for Maize with one set of specific documents identified by the Defendants for disclosure.

7)	Counsel for Maize shall review those documents and notify all Approved Counsel of any objection to disclosure no less than seven (7) days within receipt of those documents from a party. As to each document for which an objection is noted, Maize shall specifically set forth the legal basis for his objection;

8)	If Maize has no objection to the disclosure of the identified documents, the nonobjectionable documents shall be deemed produced in the litigation. In addition, those nonobjectionable documents may be disclosed to the parties, their in-house counsel, attorneys, officers or directors or other employees of the parties (RBC, Prudential, Babajian, Cal Title and Thomas), or any expert, deponent or any other third party.

9)	If there is any objection, counsel for Maize and counsel for the party seeking to utilize them shall meet and confer by telephone (the "conference") within 24 hours of Maize's notification of an objection in order to attempt to resolve such objections;

10)	If the parties cannot resolve such objections without judicial intervention, counsel for Maize shall file with this court within two court days after the conclusion of the conference a Motion for Additional Protective Order (the Motion) setting forth the legal objections to disclosure of documents to which an objection remains. The documents at issue shall be attached to the Motion or otherwise lodged with the Court for *in camera* review. The Motion shall be electronically served on counsel

for the party seeking to utilize the documents. The party seeking to utilize the documents shall file and electronically serve a Response within 24 hours of service of the Motion. Any Reply shall be filed and electronically served within 24 hours of service of the Response. The Motion and any Response or Reply shall be filed under seal in compliance with Local Rule 79-5;

11) Documents subject to any Motion shall not be provided to, disclosed to or discussed with any attorney, party, witness or or other individual until the Court has ruled upon the Motion;

12) If the volume of documents subject to the protocol outlined above is so voluminous as to make the time-periods set forth impractical, Maize may apply *ex parte*, subject to this Court's Local Rules, for an order modifying the time-period provisions set forth above;

13) All parties and Maize each retain the right to argue in connection with any Motion filed by Maize, as provided for above, that a document is or is not discoverable under the Federal Rules of Civil Procedure or California Rules of Civil Procedure, including, but not limited to, the extent to which any Constitutional, statutory or common law privilege may or may not govern the discoverability of a document at issue;

14) Nothing herein prevents any party from making a motion with the Court to modify the Protective Order if there is good cause which requires a change to the Protective Order.

15) Willful violations of the provisions of the Protective Order may result in imposition of sanctions.

IT IS SO ORDERED.

DATED: 3/2/11

MARC L. GOLDMAN
United States Magistrate Judge