1

2

3                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   LEHMAN BROTHERS BANK, FSB,    )  Case No. CV 03-02702 DDP (JWJx)
                                   )
12                  Plaintiff,     )  **ORDER DENYING MOTION TO CERTIFY**
                                   )  **ORDER**
13        v.                       )
                                   )  [Motion filed on March 14, 2011]
14   BEVERLY HILLS ESTATES         )
     FUNDING, INC., a California    )
15   corporation; et al.,          )
                                   )
16                  Defendants.    )
                                   )
17   _____  )

18        Presently before the court is Plaintiff/Intervenors RBC

19   Mortgage Company of California and RBC USA Holdco Corporation's

20   (together "Plaintiffs") Motion for Certification of this

21   court's March 3, 2011, Order dismissing Plaintiffs' Fourth Claim

22   for Relief.

23        Interlocutory appeals by permission are governed by 28 U.S.C.

24   § 1292(b).  Under that provision, the statutory certification

25   requirements are as follows: (1) there must be a controlling

26   question of law; (2) there must be substantial grounds for

27   difference of opinion; and (3) it must appear that an immediate

28   appeal may materially advance the ultimate termination of the

1    litigation.   28 U.S.C. § 1292(b); see also In re Cement Antitrust

2    Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).   Plaintiffs have

3    the "burden of persuading the court of appeals [and district court

4    in the first instance] that exceptional circumstances justify a

5    departure from the basic policy of postponing appellate review

6    until after entry of a final judgment."   Coopers & Lybrand v.

7    Livesay, 437 U.S. 463, 475 (1978).

8         The court considers each of the § 1292(b) factors in turn.

9    First, Plaintiffs have not offered any support for their conclusion

10   that the court's Order, granting Defendant's motion to dismiss

11   Plaintiffs's Fourth Claim for relief for breach of contract,

12   concerned a controlling question of law.   Plaintiffs have remaining

13   tort claims for relief in their Third Amended Complaint, and those

14   claims are unaffected by the court's March 3, 2001, Order.   Next,

15   Plaintiffs argue that the court's grant of the motion against them

16   by itself and without more amounts to substantial ground for

17   difference of opinion.   This would be true in any instance where a

18   court has ruled against a party and cannot support a finding of an

19   "exceptional circumstance."   Finally, Plaintiffs state that

20   interlocutory review will expedite resolution of the litigation.

21   The court is mindful of the need to conserve judicial resources,

22   but the court is not persuaded that interlocutory review of this

23   court's motion to dismiss, which involved only one independent

24   claim, would indeed advance resolution of the matter.

25

26   ///

27   ///

28

2

1    For the reasons stated above, the court DENIES Plaintiffs'

2  Motion for Certification Pursuant to 28 U.S.C. § 1292(b).

3
   IT IS SO ORDERED.
4
   Dated: April 21, 2011
5                                        DEAN D. PREGERSON
                                         United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28